JS 44 (Rev. 04/21) (TXND 4/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
 
## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff: **Tarrant**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Tarrant**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
PRO SE ShaRee Floyd
5000 Denton Hwy #175
817-779-2049

Attorneys *(If Known)*
Emily Vest hapi@hklaw.com
Micah Prude@hapi@hklaw.com

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander |  | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability |  | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine |  | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability |  | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** / 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act |  | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise |  | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee |  | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | [x] 442 Employment / 510 Motions to Vacate Sentence |  | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General |  | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | [x] 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | [x] 446 Amer. w/Disabilities - Other / **Other:** / 540 Mandamus & Other | 462 Naturalization Application |  | 950 Constitutionality of State Statutes |
|  | 448 Education / 550 Civil Rights | 465 Other Immigration Actions |  |  |
|  | 555 Prison Condition |  |  |  |
|  | 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: **Jeffrey L. Cureton**
DOCKET NUMBER: 

DATE: 4-25-2025
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## Table of Authorities

### **Cases**:

 * Donaldson v. Texas Department of Aging & Disability Services, [495 S.W.3d 421] (Tex. App.—Austin 2016, no pet.) ..................................................... 30, 31, 33, 34

 * Elliott Frank Adams v. Artco-Bell Corporation, (Tex. App.—Fort Worth 2010, no pet.) ......... 32, 33, 34

 * Quantum Chemical Corp. v. Toennies, [47 S.W.3d 473] (Tex. 2001) ............................................. 37, 39, 40

 * Texas Department of Transportation v. Genaro Flores, [576 S.W.3d 782](Tex. App.—El Paso 2019, pet. denied)....... 38, 40

 * Jennie Lucan v. HSS Systems, L.L.C., [439 S.W.3d 606](Tex. App.—San Antonio 2014, no pet.)...... 43, 45, 46, 47

 * Fort Worth Transportation Authority v. Thomas, [303 S.W.3d 850](Tex. App.—Fort Worth 2010, pet. denied) ...................................................... 49, 50, 51, 52, 53

 * Michael R. White v. Construction and Trade Tools, Inc., (Tex. App.—Eastland 2024, no pet. h.) ........................................................ 55, 56, 57, 58, 59

**Statutes**:
  * Texas Business Organizations Code §§ 5.201 and 5.255 ........................................................ 3
  * Texas Labor Code, Section 21.001 et seq. ......................................................... 6
  * Texas Labor Code ................................................................ 4, 28, 29, 36, 42, 54, 71
  * Texas Labor Code § 451.001(1) .................................................................. 55
  * Texas Labor Code, Section 21.2585 ................................................................. 66

**Table of Contents**

I.  PARTIES & SERVICE ...............................paragraph 1
II. JURISDICTION AND VENUE ................................. 3
III. NATURE OF THE ACTION .................................. 5
IV. CONDITIONS PRECEDENT ................................. 7
V.  LEGAL CLAIMS ...................................................... 16

A. Disability Discrimination in Violation of the Texas Labor Code ............................................................. 16
B. Age Discrimination in Violation of the Texas Labor   Code ...................................................... 35
C. Retaliation for Protected Activity ............................41
D. Breach of Collective Bargaining Agreement ..........48
E. Wrongful Termination ............................................54

VI. DAMAGES .......................................................... 60
VII. PRAYER FOR RELIEF...................................... 68

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

**Case No. 4:25-cv-243-p**

**PLAINTIFF'S AMENDED ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES ShaRee M. Floyd ("Plaintiff"), an individual residing at 5000 Denton Hwy #175, Haltom City, Texas 76117, and files this Amended Original Petition against Lockheed Martin Corporation ("Defendant" or "LM Corp."), a Texas corporation with its principal headquarters in North Bethesda, Maryland, and in support thereof would show the Court as follows:

## I. PARTIES & SERVICE

1. Plaintiff, ShaRee M. Floyd, is an individual residing at 5000 Denton Hwy #175, Haltom City, Texas 76117. For identification purposes, Plaintiff's driver's license last three digits are 673 and the last three digits of her Social Security number are 860.

2. Defendant, Lockheed Martin Corporation, is a business entity organized under the laws of the State of Texas, with its principal headquarters in North Bethesda, Maryland. Service of process on Defendant may be effected pursuant to Texas Business Organizations Code §§ 5.201 and 5.255 by serving its registered agent at the registered office located at Lockheed Blvd, Fort Worth, Texas 76108.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to the Texas Labor Code and the general jurisdictional provisions of this Court as a matter involving unlawful employment practices in Texas.

4. Venue is proper in Tarrant County, Texas, because Defendant is a Texas resident, and a substantial part of the events giving rise to this claim occurred in Tarrant County.

## III. NATURE OF THE ACTION

5. This action is brought pursuant to Chapter 21 of the Texas Labor Code, Section 21.001 et seq. It involves claims of Disability Discrimination (in connection with Plaintiff's documented carpal tunnel syndrome), Age Discrimination (by virtue of being forced into a new hire onboarding class with younger employees despite longstanding service), Retaliation for Protected Activity (after complaining to HR about Seniority), Wrongful Termination while under

EEOC investigation for opposing discriminatory practices, and breach of a Collective Bargaining Agreement (CBA) regarding seniority rights.

6. Plaintiff alleges that Defendant unlawfully discriminated against her by classifying her in a manner that deprived her of equal employment opportunities, denied the exercise of her rights, and retaliated against her for engaging in protected activity.

### IV. CONDITIONS PRECEDENT

7. More than 80 days prior to the institution of this lawsuit, Plaintiff filed a charge with the EEOC alleging violations of the Texas Labor Code's unlawful employment practices. The EEOC subsequently issued a Notice of Right-to-Sue on July 24, 2024. Plaintiff timely filed this suit within the 90-day period after receipt of the right-to-sue notice. All conditions precedent to the filing of this lawsuit have been satisfied.

8. Plaintiff's original seniority date, recognized by her employment records, is October 15, 2012. Despite this, Defendant disputed and later failed to honor her longstanding seniority rights.

9. In 2015, while on medical leave for a broken leg, Plaintiff was wrongfully terminated. Plaintiff subsequently secured a Collective Bargaining Agreement, which assured her a seniority date and specified compensation terms. However, upon her return to work in March 2016, Defendant did not honor these contractual obligations.

10. In June 2016, during a visit to the Texas plant, Plaintiff was directly threatened by Defendant's CEO, Mrs. Marilyn Hewson, who warned that further discussions regarding her termination and employment history would have adverse consequences.

11. Around 2019, Plaintiff began experiencing severe carpal tunnel syndrome, a disability documented by her healthcare providers. Despite medical recommendations, Plaintiff was persistently required to undertake physically taxing job duties that aggravated her condition until finally placed in light duty program and onsite physical therapy appointments.

12. In January 2021, a plant-wide shift based on seniority resulted in Plaintiff being reassigned to building 175V after proven seniority. After complaining again to supervision and HR, within a period of four months, she was moved three additional times, further evidencing Defendant's disregard for her rights under the CBA.

13. In May 2021, Plaintiff was singled out as the first employee required to undergo a new hire onboarding training class (designated as "boot recertification") despite having long-standing tenure. Directed by plant manager Jay Booher, Plaintiff was informed that failure to pass the abbreviated two-week training would result in termination—a clear set-up for failure. Unlike her younger, early twenty-year-old male counterparts who were furnished timely and functioning class laptops, Plaintiff was either not provided the necessary equipment or was given a malfunctioning machine, which unfairly impeded her performance.

14. During the training, despite informing lead instructor Paul Barnum and instructor Brandon of her doctor's recommendation against carrying heavy parts due to her carpal tunnel condition, Plaintiff was compelled to perform strenuous physical tasks. This resulted in a preventable flare-up, forcing her to rely on assistance for basic activities, such as using the restroom.

15. Plaintiff communicated her condition and the exacerbation of her disability to lead instructor Paul Barnum and instructor Brandon. She was further penalized by being forced to leave class and sent home on Friday 5-28-21, due to not passing training because of her disability and not to return to work until her disability is fixed, while on medical leave post-second carpal tunnel surgery, by being terminated via an email from HR representative Jordan Stephens for allegedly violating handbook policy, and wrongfully terminated while under EEOC investigation.

**V. LEGAL CLAIMS**

A. Disability Discrimination in Violation of the Texas Labor Code

16. Plaintiff alleges that Defendant's failure to provide reasonable accommodations and insistence on physical tasks contrary to her medically documented limitations constitute disability discrimination. Defendant's actions have directly aggravated Plaintiff's documented carpal tunnel syndrome in violation of the Texas Labor Code.

   • To support this claim, the Plaintiff relies on *Donaldson v. Texas Department of Aging & Disability Services*, [495 S.W.3d 421] (Tex. App.—Austin 2016, no pet.), which addresses the elements of a disability discrimination claim under the Texas Labor Code, including the requirement for reasonable accommodation. The dissent in *Donaldson* analyzes the burden-shifting framework, highlights the plaintiff's obligation to demonstrate qualification for the job with or without accommodation, and underscores the employer's duty to engage in reasonable accommodations unless such accommodations impose an undue hardship. See also *Elliott Frank Adams v. Artco-Bell Corporation*, (Tex. App.—Fort Worth 2010, no pet.), which provides a detailed examination of what constitutes a "reasonable accommodation," focusing on the employee's ability to perform essential job functions with or without accommodations and emphasizing the employer's burden to demonstrate undue hardship.

   • **Comparison:** These cases underscore the necessity of establishing that the employee specifically requested a reasonable accommodation and that the accommodation provided by the employer was either not offered or was ineffective. Both *Donaldson* and *Elliott Frank Adams* require the employee to show that she was qualified with or without the accommodation, shifting the burden to the employer to prove that accommodating her would pose an undue hardship, a key point that mirrors Plaintiff's allegations against Defendant.

B. Age Discrimination in Violation of the Texas Labor Code

17. Plaintiff alleges that Defendant discriminated against her on the basis of age by subjecting her to inequitable treatment, including forcing her into a new hire onboarding training class with younger employees, thereby denying her equal employment opportunities. Such treatment violates the provisions of the Texas Labor Code.

   • To support this claim, the Plaintiff relies on *Quantum Chemical Corp. v. Toennies*, [47 S.W.3d 473] (Tex. 2001), which clarifies that under the Texas Commission on Human Rights Act (TCHRA), a plaintiff must demonstrate that age was "a motivating factor" in the adverse employment action. See also *Texas Department of Transportation v. Genaro Flores*, [576 S.W.3d 782](Tex. App.—El Paso 2019, pet. denied), which analyzes the elements of an age discrimination claim, including whether age was a motivating factor in termination, and discusses the burden-shifting framework used in such cases.

   • **Comparison:** *Quantum Chemical* establishes a clear "motivating factor" standard, requiring that age be shown as a driving element for the adverse action, not just an incidental factor. *Flores* reinforces this by emphasizing evidence that demonstrates age as the determinative reason behind the employer's decision, which is directly analogous to Plaintiff's experience of being unfairly grouped with new hires because of age-related assumptions.

C. Retaliation for Protected Activity

18. Plaintiff alleges that Defendant retaliated against her for engaging in protected activity by terminating her employment while she was under an EEOC investigation and after she complained to HR regarding her seniority rights and discriminatory practices. Such conduct is impermissible and constitutes retaliation under the Texas Labor Code.

   • To support this claim, the Plaintiff relies on *Jennie Lucan v. HSS Systems, L.L.C.*, [439 S.W.3d 606](Tex. App.—San Antonio 2014, no pet.), which directly addresses the elements of a retaliation claim under the Texas Commission on Human Rights Act (TCHRA). This case underscores the necessity for the plaintiff to show that her protected activity—acting on a good faith, reasonable belief that Defendant engaged in discriminatory practices—was a proximate cause of the adverse employment action.

   • **Comparison:** In *Jennie Lucan*, the focus is on the causal link between the protected activity and the subsequent employment action. The decision emphasizes that without this proximate causation element, a retaliation claim will fail. This mirrors Plaintiff's situation, where evidence indicates that her complaints and protected activities directly preceded and seemingly precipitated her termination.

D. Breach of Collective Bargaining Agreement

19. Plaintiff alleges that Defendant breached the Collective Bargaining Agreement by failing to honor her original seniority date and contractual obligations related to her employment benefits, resulting in demonstrable economic and non-economic damages.

   • To support this claim, the Plaintiff relies on *Fort Worth Transportation Authority v. Thomas*, [303 S.W.3d 850](Tex. App.—Fort Worth 2010, pet. denied), which discusses the interpretation of a Collective Bargaining Agreement (CBA) and its interaction with related employment policies. The opinion examines how contractual terms, such as seniority rights and grievance procedures, bind the employer, supporting Plaintiff's claim that Defendant's actions amount to a breach of the CBA.

   • **Comparison:** This case exemplifies the judicial emphasis on the importance of adhering to clear contractual language within a CBA. The decision illustrates that when an employer ignores established contractual provisions—such as seniority rights—it constitutes a breach. This directly parallels Plaintiff's situation where the failure to honor her original seniority date and benefits breached the terms of the CBA.

E. Wrongful Termination

20. Plaintiff alleges that Defendant wrongfully terminated her employment in violation of her rights under the Texas Labor Code by basing her termination on pretextual reasons rather than justified, non-discriminatory grounds, and by retaliating against her protected activities.

   • To support this claim, the Plaintiff relies on *Michael R. White v. Construction and Trade Tools, Inc.*, (Tex. App.—Eastland 2024, no pet. h.), which addresses a wrongful termination claim based on retaliation for filing a worker's compensation claim under Texas Labor Code § 451.001(1). This case focuses on circumstantial evidence – such as the employer's negative attitude toward the employee's medically substantiated condition, discriminatory treatment, failure to follow company policy, and reliance on pretextual reasons – to establish the wrongful nature of the termination.

   • **Comparison:** *Michael R. White* provides a framework that delineates how circumstantial evidence can substantiate a claim of wrongful termination. It demonstrates that an amalgamation of discriminatory behavior, failure to observe procedural standards, and pretextual justifications can collectively prove that the termination was not for legitimate reasons. This aligns with Plaintiff's allegations wherein multiple factors indicate a wrongful and retaliatory termination.

## VI. DAMAGES

21. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer significant damages, including, but not limited to:
   a. Monetary damages in the aggregate amount of $3,000,000.
   b. Reinstatement of all employment benefits, including life insurance, health insurance, and 401K.
   c. Back pay from the date Plaintiff was wrongfully denied employment and benefits, with pre- and post-judgment interest.

   d. Emotional distress including mental anguish, humiliation, loss of enjoyment of life, and reputational harm.
   e. Reasonable and necessary medical expenses incurred in the past and projected for the future.
   f. Loss of earnings and diminished earning capacity.
   g. Property damage, including $250,000 in losses from the loss of Plaintiff's family home.
   h. Exemplary damages pursuant to Section 21.2585 of the Texas Labor Code to punish Defendant and deter future unlawful conduct.
   i. All reasonable and necessary attorney's fees and costs incurred in pursuing this action.

### VII. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Court enter judgment in her favor and against Defendant as follows:

1. Award monetary damages in an amount not less than $3,000,000, including but not limited to back pay, compensatory, and exemplary damages;
2. Award, on an itemized basis, pre- and post-judgment interest at the maximum legal rate;
3. Grant broad injunctive relief prohibiting Defendant from engaging in unlawful employment practices, and ordering the enforcement of its obligations under the Collective Bargaining Agreement;
4. Award all reasonable and necessary attorney's fees and costs incurred pursuant to the Texas Labor Code;
5. Grant such other and further relief, at law or in equity, to which Plaintiff may be justly entitled, including a trial by jury on all issues so triable.

DATED: April 25, 2025

Respectfully submitted,

_____
ShaRee M. Floyd, Pro Se
5000 Denton Hwy #175
Haltom City, Texas 76117
Email: skyskyfosho420@gmail.com
Phone: (817) 298-8708 / (817) 779-2049
```