IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SHAREE M. FLOYD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-00243-P |
| | § | |
| LOCKHEED MARTIN AERONAUTICS | § | |
| CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S RULE 12(B)(6) MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED PETITION AND BRIEF IN SUPPORT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Lockheed Martin Corporation (incorrectly named as "Lockheed Martin Aeronautics Corporation") ("Lockheed Martin" or "the Company") respectfully moves this Court to dismiss with prejudice all claims brought by Plaintiff, ShaRee Floyd ("Floyd").

<u>T<small>ABLE OF</small> C<small>ONTENTS</small></u>

I. INTRODUCTION ........................................................................................................1

II. APPLICABLE LEGAL STANDARD ........................................................................2

III. RELEVANT BACKGROUND ...................................................................................3

IV. ARGUMENT AND AUTHORITIES ..........................................................................4

   A. The Court Can and Should Consider the Charge and CBA Because They Are Referenced Within and Central to Floyd's Second Amended Petition. ..........................4

   B. The Court Should Dismiss All of Floyd's Chapter 21 Claims Because They Are Time-Barred. ........................................................................................................6

      1. Floyd Failed to File This Lawsuit Within Two Years of Filing the Charge. ...............6

      2. Floyd Failed to File Her Charge within 180 Days of the Alleged Unlawful Employment Action She Complained About. ............................................................7

      3. Floyd's Chapter 21 Claims Should Be Dismissed Because Floyd Has Not Sufficiently Pleaded That She Sued Within 60 Days of Receiving a Right-to-Sue Letter from a State Agency. ..........................................................................9

   C. The Court Should Dismiss Floyd's Chapter 21 Claims Because They Exceed the Scope of Her Charge. ........................................................................................11

      1. Floyd's Disability Discrimination Claim (Count A) Should Be Dismissed Because It Exceeds the Scope of the Charge. ..........................................................11

      2. Floyd's Age Discrimination Claim (Count B) Should Be Dismissed Because It Exceeds the Scope of the Charge. ......................................................................12

      3. Floyd's Retaliation Claim (Count C) Should Be Dismissed Because It Exceeds the Scope of the Charge. ....................................................................................14

      4. Floyd's Wrongful Termination Claim (Count E) Exceeds the Scope of the Charge. .............................................................................................................16

   D. The Court Should Dismiss Floyd's CBA Claim (Count D) Because it is Subject to an Exclusive Grievance/Arbitration Procedure, and Because it is Untimely. ...............17

   E. The Court Should Dismiss All of Floyd's Claims Because They Fail to Meet Rule 8's Requirements. .................................................................................................18

V. CONCLUSION ...........................................................................................................19

<u>T</u>ABLE OF <u>A</u>UTHORITIES

### Cases

*Adams v. DaimlerChrysler Services NA LLC*,
   252 F.App'x 681 (5th Cir. 2007) ............................................................................ 8

*Adams v. Stanley Sec. Sols., Inc.*,
   No. CIV. 3:06-CV-0976-L, 2007 WL 2979867 (N.D. Tex. Oct. 11, 2007) ............................ 14

*Anderson v. Venture Express*,
   694 F.App'x 243 (5th Cir. 2017) .......................................................................... 15

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .............................................................................. 2, 3, 18

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .............................................................................. 2, 3, 18

*Black v. Dallas Cty. Cmty. Coll. Dist.*,
   No. 3:15-CV-3761-D, 2017 WL 395695 (N.D. Tex. Jan. 30, 2017) ............................... 7

*Brown v. ATX Group, Inc.*,
   No. 3:11-CV-3340-N-BH, 2012 WL 3962620 (N.D. Tex. July 16, 2012) ....................... 3, 4

*Carter v. Burlington N. Santa Fe LLC*,
   No. 4:15-CV-366-O, 2015 WL 11022766 (N.D. Tex. Oct. 9, 2015) ......................... 10, 11

*Carter v. Target Corp.*,
   541 F.App'x 413 (5th Cir. 2013) ........................................................................... 5

*Clark v. Champion Nat'l Sec., Inc.*,
   No. 3:17-CV-1802-C, 2018 WL 10582163 (N.D. Tex. Nov. 14, 2018) ......................... 9, 14

*Clark v. Dallas Indep. Sch. Dist.*,
   No. CIV.A. 3:95-CV-1812G, 1996 WL 706866 (N.D. Tex. Dec. 3, 1996) ....................... 14

*Daigle v. Gulf State Utilities Co., Loc. Union No. 2286*,
   794 F.2d 974 (5th Cir. 1986) ........................................................................ 17, 18

*Doe v. MySpace, Inc.*,
   528 F.3d 413 (5th Cir. 2008) .............................................................................. 3

*Ferrer v. Chevron Corp.*,
   484 F.3d 776 (5th Cir. 2007) .............................................................................. 3

*Fine v. GAF Chem. Corp.*,
   995 F.2d 576 (5th Cir. 1993) ............................................................................. 15

*Fort Worth Transp. Auth. v. Thomas*,
    303 S.W.3d 850 (Tex. App.-Fort Worth 2009, pet. denied) ................................... 17

*Givs v. City of Eunice*,
    512 F.Supp. 2d 522 (W.D. La. 2007) ....................................................................... 13

*Givs v. City of Eunice*,
    268 F.App'x 305 (5th Cir. 2008) ............................................................................. 13

*Gupta v. E. Tex. State Univ.*,
    654 F.2d 411 (5th Cir. 1981) ................................................................................... 15

*Haferbier v. IMER USA, Inc.*,
    No. 4:24-CV-00315-P, 2024 WL 3094616 (N.D. Tex. June 20, 2024) ................... 16

*Hendrix v. iQor Inc.*,
    No. 3:20-CV-0437-N-BT, 2021 WL 3040776 (N.D. Tex. June 7, 2021) ................. 6

*Hendrix v. iQor, Inc.*,
    No. 3:20-CV-00437-N-BT, 2021 WL 3036949 (N.D. Tex. July 19, 2021) .............. 7

*Hernandez v. Taylor Farms Texas, Inc.*,
    No. 3:24-CV-858-K, 2024 WL 4229299 (N.D. Tex. Sept. 18, 2024) ...................... 7

*Hinkley v. Envoy Air, Inc.*,
    968 F.3d 544 (5th Cir. 2020) ..................................................................................... 8

*Hubbard v. Tex. Instruments Inc.*,
    No. 3:18-CV-2388-C, 2019 WL 13252518 (N.D. Tex. Mar. 29, 2019) ................... 9

*In re Great Lakes Dredge & Dock Co. LLC*,
    624 F.3d 201 (5th Cir. 2010) ..................................................................................... 3

*Ingram v. Kroger Co.*,
    No. CIV.A.3:99-CV-0032-L, 2000 WL 730424 (N.D. Tex. May 17, 2000) ........... 18

*King v. Life Sch.*,
    809 F.Supp. 2d 572 (N.D. Tex. 2011) .............................................................. 11, 16

*Lopez v. AT&T Mobility Services LLC*,
    No. EP-24-CV-180-KC, 2025 WL 600120 (W.D. Tex. Feb. 25, 2025) ................... 7

*Madaki v. Am. Airlines, Inc.*,
    No. 4:21-CV-0760-P, 2022 WL 227163 (N.D. Tex. Jan. 25, 2022) ....................... 19

*Martinez v. Am. Airlines*,
    No. 3:09-CV-0502-N, 2009 WL 10704854 (N.D. Tex. Dec. 22, 2009) ................. 5, 6

*Norris v. Hearst Tr.*,
    500 F.3d 454 (5th Cir. 2007) ................................................................ 3, 4

*Owens v. Dallas Cnty. Cmty. Coll. Dist.*,
    No. 3:16-CV-3162-L, 2017 WL 3190727 (N.D. Tex. May 16, 2017) ...................... 7

*Owens v. Dallas Cnty. Cmty. Coll. Dist.*,
    No. 3:16-CV-3162-L, 2017 WL 3172748 (N.D. Tex. July 26, 2017) ...................... 7

*Phillips v. Caris Life Scis., Inc.*,
    715 F.App'x 365 (5th Cir. 2017) ............................................................ 15

*Phillips v. United Parcel Serv.*,
    No. 3:10-CV-1197-G-BH, 2011 WL 2680725 (N.D. Tex. June 21, 2011) ............... 10

*Plotkin v. IP Axess Inc.*,
    407 F.3d 690 (5th Cir. 2005) ................................................................... 3

*Prince-Rivers v. Fed. Express Ground*,
    731 F.App'x 298 (5th Cir. 2018) ............................................................... 5

*Ryan v. Wells Fargo, N.A.*,
    No. 3:21-CV-2627-D, 2022 WL 256503 (N.D. Tex. Jan. 27, 2022) ...................... 8

*Sanchez v. Standard Brands, Inc.*,
    431 F.2d 455 (5th Cir. 1970) .............................................................. 11, 12

*Self v. BNSF Ry. Co.*,
    No. A-14-CA-618-SS, 2016 WL 543245 (W.D. Tex. Feb. 9, 2016) ..................... 13

*Sharma v. Amazon Web Services, Inc.*,
    No. 3:21-CV-2486-X, 2022 WL 1643961 (N.D. Tex. May 24, 2022) ...................... 6

*Simmons-Myers v. Caesars Entm't Corp.*,
    515 F.App'x 269 (5th Cir. 2013) ............................................................ 15

*Stafford v. Hunt Cty., Tex.*,
    No. 3:10-CV-1378-M, 2011 WL 2681972 (N.D. Tex. July 11, 2011) ..................... 9

*Sullivan v. Leor Energy, LLC*,
    600 F.3d 542 (5th Cir. 2010) ................................................................ 3, 4

*Taylor v. Books A Million, Inc.*,
    296 F.3d 376 (5th Cir. 2002) ................................................................... 7

*Taylor v. Lockheed Martin Aeronautics Co.*,
    No. 4:24-CV-00626-P, 2025 WL 36174 (N.D. Tex. Jan. 6, 2025) ...................... 15

*Thompson v. Legal Aid of Nw. Tex.*,
   No. 3:18-CV-01580-K (BT), 2019 WL 1116607 (N.D. Tex. Feb. 21, 2019) ........................ 10

*Vaughn v. Ulta Salon, Cosmetics & Fragrance, Inc.*,
   No. 3:17-CV-2076-C, 2018 WL 11149800 (N.D. Tex. Dec. 12, 2018) .................................. 9

*Vielma v. Eureka Co.*,
   218 F.3d 458 (5th Cir. 2000) ............................................................................... 10

*Villarreal v. Willacy Cnty. Sherriff's Dep't*,
   No. 1:24-CV-57, 2024 WL 3873751 (S.D. Tex. July 19, 2024) ............................................... 2

*White v. Averitt Express, Inc.*,
   No. 3:10-CV-2504-B, 2011 WL 3652502 (N.D. Tex. Aug. 19, 2011)..................................... 15

*Williams v. Health Tex. Provider Network*,
   No. 3:16-CV-391-M-BK, 2017 WL 2608813 (N.D. Tex. June 1, 2017) ............................... 12

## Statutes

TEX. LAB. CODE § 21.254 ..................................................................................... 9, 11

TEX. LAB. CODE § 21.256 ......................................................................................... 6

TEX. LAB. CODE §§ 21.201 ....................................................................................... 7

TEX. LAB. CODE § 21.201(a) ................................................................................. 8, 9

TEX. LAB. CODE § 21.201(a-1) ................................................................................. 8

## Rules

FED. R. CIV. P. 8(a)(2).......................................................................................... 18

FED. R. CIV. P. 12(b)(6) .................................................................................. 2, 3, 4

## I.     INTRODUCTION

Floyd filed a narrow charge of discrimination (the "Charge") with the EEOC in which she complained only about two specific incidents: her inability to pass a required training class, which she characterized as disability discrimination, and a single off-color joke by another employee in 2021 that she said constituted "sexual[] harass[ment]." Her petition, by comparison, is largely unrelated to the Charge. For example, she now claims that her inability to pass the training class constitutes age discrimination (not disability discrimination as she said in her Charge), and she does not include any allegations about the alleged joke or contend that she was sexually harassed.

Instead, she recites grievances she has with the Company going back to 2015, including a facially implausible incident in which she claims that Lockheed Martin's CEO came to her worksite in Fort Worth, singled her out, and warned her that there would be "adverse consequences" if she did not stop discussing a prior incident where Lockheed Martin had fired her.[1]

Although far from clear, Floyd's claims appear to be that Lockheed Martin, in violation of Chapter 21 of the Texas Labor Code ("Chapter 21"), (1) discriminated against her on the basis of an alleged disability by not providing unspecified accommodations and by assigning physically demanding work tasks, (2) discriminated against her on the basis of her age by requiring her to take a training class, (3) took unspecified actions to retaliate against her for complaining about "discriminatory practices and seniority rights," (4) "wrongfully" terminated her employment on

---

[1] Lockheed Martin acknowledges Floyd's claim that "[t]his incident is supported by contemporaneous witness statements from Steve Spence and internal correspondence" and that she cites "App.007" in support of such claim. ECF No. 26 at 4. Floyd, however, does not append any documents to her Second Amended Complaint, and Lockheed Martin does not know what document she intends to reference here, or in the other portions of her Second Amended Complaint where she references a non-existent appendix.

1

unspecified grounds, and (5) violated its collective bargaining agreement with her union (the "CBA") by not "honor[ing] her original seniority date" and other unspecified "contractual obligations that guarantee her employment benefits." ECF No. 26 at 6–10.

These claims all fail as a matter of law. Specifically, Floyd's Chapter 21 claims (1) are untimely for several independent reasons, (2) exceed the scope of the Charge, and therefore are not administratively exhausted, and (3) are simply formulaic recitations of the law that lack the level of specificity required by Rule 8. In addition, Floyd's CBA claim (1) is subject to the exclusive remedy of arbitration, (2) is untimely in any event, and (3) lacks the level of specificity required by Rule 8. Accordingly, the Court should dismiss her claims.

## II.    APPLICABLE LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure[2] allows dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To state a valid claim under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A complaint need not contain detailed factual allegations but must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*,

---

[2] Although Lockheed Martin filed an answer in state court and Rule 12(b) requires motions under the rule to be filed before a party's responsive pleading, "several courts have concluded that a defendant does not waive its right to file motions to dismiss post-removal by filing answers in state court pre-removal." *Villarreal v. Willacy Cnty. Sherriff's Dep't*, No. 1:24-CV-57, 2024 WL 3873751, at *3 (S.D. Tex. July 19, 2024), report and recommendation adopted, No. 1:24-CV-00057, 2024 WL 3871759 (S.D. Tex. Aug. 19, 2024) (citing cases). To the extent the Court takes a different view of the issue, "a court may construe an untimely Rule 12(b)(6) motion as a motion for judgment on the pleadings under Rule 12(c)," to which the same standards apply, *id.*, and Lockheed Martin would request that the Court do so here.

550 U.S. at 555. The complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint falls short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

When ruling on a Rule 12(b)(6) motion, courts "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). A court does not, however, have to "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

Generally, under the Rule 12(b)(6) standard, courts may not look "beyond the face of the pleadings." *Brown v. ATX Group, Inc.*, No. 3:11-CV-3340-N-BH, 2012 WL 3962620, at *5 (N.D. Tex. July 16, 2012). Courts have recognized, however, that it is permissible to consider documents attached to a motion to dismiss that "are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (internal citations omitted). In addition, courts can also take judicial notice of public records on a Rule 12(b)(6) motion. *See Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

### III.     RELEVANT BACKGROUND

On March 17, 2025, Lockheed Martin filed a Rule 12(b)(6) Motion to Dismiss Floyd's Original Petition. ECF No. 5. The Court thereafter afforded Floyd an opportunity to amend her Original Petition and plead her "best case." ECF No. 6. On May 2, 2025, Floyd submitted Plaintiff's Amended Original Petition ("Amended Petition") to the Court. ECF No. 16. On May 16, 2025, Lockheed Martin filed a Rule 12(b)(6) Motion to Dismiss Floyd's Amended Petition.

ECF No. 18. Floyd thereafter filed an unopposed Motion for Leave to File Second Amended Complaint, ECF No. 22, which the Court granted. ECF No. 23. And on June 6, 2025, Floyd's Second Amended Original Petition ("Second Amended Petition") was filed with the Court. ECF No. 26. Because the Second Amended Petition does not cure any of the deficiencies present in the Original Petition and the Amended Petition, Lockheed Martin now moves to dismiss Floyd's Second Amended Petition.

## IV.    ARGUMENT AND AUTHORITIES

### A.    The Court Can and Should Consider the Charge and CBA Because They Are Referenced Within and Central to Floyd's Second Amended Petition.

Certain of the arguments Lockheed Martin makes below require a consideration of the Charge and the CBA. Lockheed Martin therefore first explains why the Court can, and should, consider those documents in connection with this Motion.

As noted above, a court's review of a Rule 12(b)(6) motion is generally limited to the face of the complaint and any documents attached to it. *See Brown*, 2012 WL 3962620, at *5. But, because courts can also consider documents referred to within a complaint and central to a plaintiff's claims, and can take judicial notice of public records, the Court can consider the Charge that Floyd filed with the EEOC. *See Sullivan*, 600 F.3d at 546; *Norris*, 500 F.3d at 461.

That is so because Floyd specifically references the Charge in the "Conditions Precedent" paragraphs of the Second Amended Petition. In paragraph seven, Floyd references a "charge," stating:

> More than 80 days prior to the institution of this lawsuit, **Plaintiff filed a charge with the EEOC** alleging violations of the Texas Labor Code's unlawful employment practices.

4

ECF No. 26 at 3 (emphasis added).[3] Floyd references the charge again on page seven of the Second Amended Petition. ECF No. 26 at 7. In addition to these references to the Charge, the Charge is central to Floyd's claims because it is essential to determine whether Floyd exhausted her administrative remedies prior to filing suit (*i.e.*, whether the claims she brings are properly before the Court). *See, e.g., Carter v. Target Corp.*, 541 F.App'x 413, 416–17 (5th Cir. 2013) (per curiam) ("The documents at issue here—Carter's two EEOC Charges—were referenced in her complaint and are central to her claim. Their contents are essential to determining (i) whether the EEOC and LCHR Charges were filed within the applicable statute of limitations, and (ii) whether the allegations contained in those complaints allege a colorable violation of Title VII. These issues are central to Carter's pleadings. . . . We will review Target's motion to dismiss with the benefit of Carter's EEOC and LCHR charges.") (internal citation omitted). Accordingly, because the Charge is explicitly referred to within Floyd's Second Amended Petition, central to her claims, and a matter of public record, the Court can and should consider the Charge in connection with this Motion without converting it to a motion for summary judgment. *See, e.g., Prince-Rivers v. Fed. Express Ground*, 731 F.App'x 298, 301 n.2 (5th Cir. 2018) (per curiam) ("The [EEOC] charge was referenced in the third amended complaint . . . , was attached to Randstad's motion to dismiss, and is essential to the legal argument at issue. We may therefore consider it.").

The same is true for the CBA. Floyd repeatedly references that document in her Second Amended Complaint. *See, e.g.*, ECF No. 26 at 3; 4 ¶¶8, 9; 9; 12. And, because Floyd alleges that Lockheed Martin violated the CBA, it obviously is central to her claim. *See Martinez v. Am.*

---

[3] Lockheed Martin acknowledges that Floyd offers "App.001-4" in support of her assertion that she filed a charge with the EEOC. *See* ECF No. 26 at 3. Floyd, however, failed to attach any documents to her Second Amended Petition and also did not file a separate appendix. Accordingly, Lockheed Martin proceeds as if Floyd did *not* attach the Charge to her Second Amended Petition.

*Airlines*, No. 3:09-CV-0502-N, 2009 WL 10704854, at *2 n.1 (N.D. Tex. Dec. 22, 2009) ("The Court may consider the collective bargaining agreement in the context of APFA's motion to dismiss because (1) the complaint specifically refers to the dispute resolution and grievance procedure it establishes; and (2) the agreement is central to the Plaintiff's claim for breach of the duty of fair representation, in that it establishes APFA's obligation to process an employee grievance."). Accordingly, the Court can and should consider it without converting this Motion to a motion for summary judgment. *Id.*

### B.    The Court Should Dismiss All of Floyd's Chapter 21 Claims Because They Are Time-Barred.

Floyd runs afoul of the timing requirements set out in Chapter 21 in three independent ways. Each is a standalone basis for dismissing her Chapter 21 claims, specifically her disability discrimination claim (Count A), age discrimination claim (Count B), retaliation claim (Count C), and "wrongful termination" claim (Count E).

#### 1.    Floyd Failed to File This Lawsuit Within Two Years of Filing the Charge.

First, Chapter 21 states that a "civil action may not be brought under this subchapter later than the second anniversary of the date the complaint relating to the action is filed." TEX. LAB. CODE § 21.256. Floyd filed her Charge on March 1, 2022. App. 1-4. Accordingly, she was required to file suit under Chapter 21 no later than March 1, 2024. But she did not do so, and instead filed her lawsuit more than half a year too late, in October 2024. ECF No. 1-2 at 1. Her Chapter 21 claims therefore are untimely and should be dismissed. *Sharma v. Amazon Web Services, Inc.*, No. 3:21-CV-2486-X, 2022 WL 1643961, at *2 (N.D. Tex. May 24, 2022) (dismissing all of plaintiff's Chapter 21 claims as time-barred because the plaintiff's civil suit was filed "after the second anniversary of filing his administrative complaints"); *Hendrix v. iQor Inc.*, No. 3:20-CV-0437-N-BT, 2021 WL 3040776, at *4 (N.D. Tex. June 7, 2021) (finding plaintiff's Chapter 21 claims time-

barred because plaintiff, who "allege[d] she filed her EEOC charge . . . on November 6, 2015 . . . therefore had until November 6, 2017, two years from the date she filed her EEOC charge, to bring her [Chapter 21] claims," did not file her complaint until February 21, 2020), report and recommendation adopted, No. 3:20-CV-00437-N-BT, 2021 WL 3036949 (N.D. Tex. July 19, 2021); *Owens v. Dallas Cnty. Cmty. Coll. Dist.*, No. 3:16-CV-3162-L, 2017 WL 3190727, at *4 (N.D. Tex. May 16, 2017) (recommending dismissal of plaintiff's Chapter 21 claims because plaintiff's suit was brought "more than four years after Plaintiff filed his charge with the EEOC and past the two year civil action filing period which is a mandatory requirement under [Chapter 21]"), report and recommendation adopted, No. 3:16-CV-3162-L, 2017 WL 3172748 (N.D. Tex. July 26, 2017).

        2.    <u>Floyd Failed to File Her Charge within 180 Days of the Alleged Unlawful Employment Action She Complained About.</u>

Second, "[b]efore suing an employer under [Chapter 21], an aggrieved employee must first exhaust [her] administrative remedies by filing a complaint with the TWC . . . ." *Black v. Dallas Cty. Cmty. Coll. Dist.*, No. 3:15-CV-3761-D, 2017 WL 395695, at *2 (N.D. Tex. Jan. 30, 2017); *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002) (explaining that plaintiffs such as Floyd "must exhaust administrative remedies before pursuing claims in federal court."); TEX. LAB. CODE §§ 21.201–.211. This includes, among other things, filing a charge of discrimination "not later than the 180th day[4] after the date the alleged unlawful employment

---

[4] Although a longer 300-day period can apply when a claimant dual-files his or her charge of discrimination with the EEOC and a state or local fair employment practices agency, that longer period applies only to the <u>federal</u> claims, not to the employee's <u>Chapter 21</u> claims. *See Hernandez v. Taylor Farms Texas, Inc.*, No. 3:24-CV-858-K, 2024 WL 4229299, at *2 (N.D. Tex. Sept. 18, 2024) ("The [c]ourt finds that the claims Mr. Hernandez has brought under [Chapter 21] are time-barred due to his failure to exhaust his administrative remedies within the time allowed to him by Texas law. Chapter 21 of the Texas Labor Code requires complaints of discrimination to be filed with the Texas Workforce Commission or the EEOC not later than 180 days after the alleged unlawful employment practice occurred, prior to filing suit."); *Lopez v. AT&T Mobility Services*

practice occurred." *See* Tex. Lab. Code § 21.201(a). This 180-day filing deadline is mandatory. *Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 553 (5th Cir. 2020). But Floyd did not timely file the Charge following the alleged incidents she complained about.

Specifically, Floyd filed the Charge on March 1, 2022. App. 1-4. Accordingly, only incidents arising on or after September 2, 2021 (*i.e.*, 180 days before March 1, 2022) would have been timely.[5] *See* Tex. Lab. Code § 21.201(a). But, according to the Charge, Floyd's inability to pass a required training course occurred in May 2021.[6] App. 4. Her complaints about the training course therefore were not timely presented to the EEOC and have not been administratively exhausted. *See Hinkley,* 968 F.3d 544, 554 (5th Cir. 2020) (holding that Chapter 21's "180-day filing requirement is mandatory but not jurisdictional" and finding that "the district court, after concluding appellants failed to plausibly allege exhaustion of their mandatory administrative remedies, did not err by dismissing pursuant to Rule 12(b)(6)"); *see also Ryan v. Wells Fargo, N.A.*, No. 3:21-CV-2627-D, 2022 WL 256503, at *3 (N.D. Tex. Jan. 27, 2022) (dismissing plaintiff's Chapter 21 claim with prejudice because "even assuming arguendo that [plaintiff]'s intake questionnaire constituted a charge or complaint for exhaustion purposes," the plaintiff "did not send his intake questionnaire to the EEOC until June 24, 2019, well after the April 9, 2019

_____

*LLC,* No. EP-24-CV-180-KC, 2025 WL 600120, at *5 (W.D. Tex. Feb. 25, 2025) (explaining that although "the Title VII deadline extends to 300 days . . . when a claimant dual-files a charge . . . [Chapter 21]'s deadlines, however, remain unchanged"); *see also Adams v. DaimlerChrysler Services NA LLC*, 252 F.App'x 681, 683 (5th Cir. 2007) (upholding district court's dismissal of [Chapter 21] claims filed outside of the 180-day deadline "as time-barred").

[5] Lockheed Martin acknowledges that a longer period, namely 300 days, applied to Floyd's allegation in the Charge that she was sexually harassed by a co-worker making an off-color joke. *See* Tex. Lab. Code § 21.201(a-1). But because she does not present a sexual harassment complaint in the Second Amended Petition, that longer period is irrelevant to this Motion.

[6] Floyd's Second Amended Petition also asserts that the training course took place in May 2021. *See* ECF No. 26 at 4, 5, 7.

deadline" and concluding that plaintiff thus "failed to exhaust his mandatory administrative remedies" under § 21.201(a) of the Texas Labor Code). Her claim under Count B (Age Discrimination) relates entirely to that training course, and therefore must be dismissed. *Clark v. Champion Nat'l Sec., Inc.*, No. 3:17-CV-1802-C, 2018 WL 10582163, at *3 (N.D. Tex. Nov. 14, 2018) (concluding that "all state law claims arising before [180 days prior to the date on which plaintiff filed his EEOC charge] must be dismissed as time-barred", *aff'd*, 952 F.3d 570 (5th Cir. 2020). Moreover, to the extent that her generic pleading in Counts A (Disability Discrimination), C (Retaliation for Protected Activity), and E (Wrongful Termination) are intended to contain claims about the training class, those claims must also be dismissed. *Hubbard v. Tex. Instruments Inc.*, No. 3:18-CV-2388-C, 2019 WL 13252518, at *3 (N.D. Tex. Mar. 29, 2019) (concluding that "Plaintiff's claims contained in the June 12, 2018, charge occurring before December 14, 2017 [180 days before June 12, 2018]—as to Chapter 21 of the Texas Labor Code—should be dismissed as time-barred" and that "Plaintiff's claims contained in the July 10, 2018, charge occurring before January 11, 2018 [180 days before July 10, 2018]—as to Chapter 21 of the Texas Labor Code— should likewise be dismissed as time-barred"); *Vaughn v. Ulta Salon, Cosmetics & Fragrance, Inc.*, No. 3:17-CV-2076-C, 2018 WL 11149800, at *3 (N.D. Tex. Dec. 12, 2018) (dismissing "all events that are alleged to have occurred" 180 days before plaintiff filed her charge "as time-barred"), *aff'd*, 772 F.App'x 185 (5th Cir. 2019).

   3.   Floyd's Chapter 21 Claims Should Be Dismissed Because Floyd Has Not Sufficiently Pleaded That She Sued Within 60 Days of Receiving a Right-to-Sue Letter from a State Agency.

Third, plaintiffs must file suit within 60 days of receiving a notice of the right to file a civil action (sometimes referred to as a "right to sue letter"). TEX. LAB. CODE § 21.254. Although this 60-day period is not jurisdictional, federal courts routinely dismiss actions filed "more than sixty days after the Commission issues a notice of a right to file suit." *Stafford v. Hunt Cty., Tex.*, 2011

WL 2681972, at *3 (N.D. Tex. July 11, 2011) (citing cases); *see also Thompson v. Legal Aid of Nw. Tex.*, No. 3:18-CV-01580-K (BT), 2019 WL 1116607, at *3 (N.D. Tex. Feb. 21, 2019) (finding state-law employment claims untimely and granting motion to dismiss), report and recommendation adopted, No. 3:18-CV-01580-K, 2019 WL 1115720 (N.D. Tex. Mar. 11, 2019); *Phillips v. United Parcel Serv.*, No. 3:10-CV-1197-G-BH, 2011 WL 2680725, at *6 (N.D. Tex. June 21, 2011) (dismissing as time-barred a state-law claim filed "over a hundred days after [plaintiff] received the TWC notice of right to sue"), report and recommendation adopted, No. 3:10-CV-1197-G BH, 2011 WL 2678949 (N.D. Tex. July 8, 2011), *aff'd*, 485 F.App'x 676 (5th Cir. 2012). But Floyd failed to plead facts sufficient to establish that she timely filed her lawsuit after she received a right-to-sue letter from the state.

Specifically, Floyd contends: "The <u>EEOC</u> . . . issued a Notice of Right-to-Sue on July 24, 2024 (App.005). Plaintiff timely filed this suit within the 90-day period after receipt of the right-to-sue notice." ECF No. 26 at ¶7 (emphasis added). But an EEOC right-to-sue letter is <u>not</u> the equivalent of a state notice of right to file a civil action. *Vielma v. Eureka Co.*, 218 F.3d 458, 464 (5th Cir. 2000) (providing "we cannot agree with the district court that an EEOC 'right to sue' letter is interchangeable with a [state agency] 'right to file a civil action' letter"). Accordingly, Floyd's allegations about an EEOC right-to-sue letter (as opposed to a right-to-sue letter from a state agency, such as the Texas Workforce Commission or Fort Worth Human Relations Commission) have no relevance to the Chapter 21 claims that she brings.

Because Floyd has failed to plead that she received a notice of the right to file a civil action from a <u>state</u> agency and that she filed her lawsuit <u>within 60 days</u> of receiving a state right-to-sue letter, the Court should dismiss Floyd's Chapter 21 claims for failure to plead exhaustion of administrative remedies. *See generally Carter v. Burlington N. Santa Fe LLC*, No. 4:15-CV-366-

10

O, 2015 WL 11022766, at *3 (N.D. Tex. Oct. 9, 2015) ("Exhaustion is also a condition precedent to filing a judicial claim of discrimination under [Chapter 21]").[7]

**C.    The Court Should Dismiss Floyd's Chapter 21 Claims Because They Exceed the Scope of Her Charge.**

When a plaintiff files a charge of discrimination, "the scope of a subsequent judicial complaint is limited to the 'scope of the EEOC investigation which can reasonably be expected to grow out of the charge.'" *King v. Life Sch.*, 809 F.Supp. 2d 572, 579 (N.D. Tex. 2011) (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)). "This reasonable expectation rule requires that the allegations in a subsequent judicial complaint be 'like or related to' allegations made in the EEOC charge." *Id.* at 579–80. In addition to being untimely, Floyd's Chapter 21 claims should be dismissed for the additional reason that they exceed the scope of the Charge and therefore are not administratively exhausted.

1.    Floyd's Disability Discrimination Claim (Count A) Should Be Dismissed Because It Exceeds the Scope of the Charge.

The Second Amended Complaint alleges that Lockheed Martin discriminated against Floyd based on an alleged disability by "fail[ing] to provide reasonable accommodations" and "insist[ing] on requiring her to perform physically demanding tasks." ECF No. 26 at 6. The Second Amended Complaint also refers to alleged "repeated medical recommendations for accommodations," ECF No. 26 at 4, and claims that Floyd "asked for less strenuous tasks," ECF No. 26 at 6. But Floyd failed to make such accommodation-related allegations in the Charge.

Instead, Floyd alleged in the Charge that she "was discriminated against when [she] was

---

[7] Lockheed Martin notes that, even if Floyd were to clarify that she received a state right-to-sue letter on July 24, 2024, dismissal would still be proper, because she would have been required to file suit by September 22, 2024 (*i.e.*, 60 days after July 24, 2024). *See* TEX. LAB. CODE § 21.254. She, however, did not file the Original Petition until October 22, 2024. ECF No. 1-2 at 1.

failed out of training class due to my carpel tunnel dissability [*sic*]." App. 4. She further claimed in the Charge that she "was the only one who was failed while all other students were passed at beginning of week." App. 4. Nowhere in the Charge does Floyd allege that she requested any accommodations based on any disability, including her purported "carpel tunnel dissability [*sic*]." Nor does the Charge make any mention regarding Lockheed Martin's handling or denial of any alleged accommodation request. Similarly, Floyd made no mention in the Charge of Lockheed Martin's purported "insistence on requiring her to perform physically demanding tasks." Because these allegations were not included in Floyd's Charge, she has failed to exhaust her current disability discrimination claim, and the Court should dismiss it.

2. <u>Floyd's Age Discrimination Claim (Count B) Should Be Dismissed Because It Exceeds the Scope of the Charge.</u>

The Court should dismiss Floyd's age discrimination claim because it exceeds the scope of the Charge. Lockheed Martin acknowledges that Floyd "checked the box" for age discrimination. *See* App. 3. But a plaintiff must do more than check the box to exhaust a discrimination or retaliation claim, and instead must assert specific facts in a charge that support their allegation of discrimination. *See Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 462 (5th Cir. 1970) ("[T]he crucial element of a charge of discrimination is the factual statement contained therein. Everything else entered on the form is, in essence, a mere amplification of the factual allegations. The selection of the type of discrimination alleged, i.e., the selection of which box to check, is in reality nothing more than the attachment of a legal conclusion to the facts alleged."); *see also Williams v. Health Tex. Provider Network*, No. 3:16-CV-391-M-BK, 2017 WL 2608813, at *3 (N.D. Tex. June 1, 2017) (providing that "[p]laintiff merely checked the box marked 'retaliation' with no further explanation, which is insufficient to find that claim exhausted"), report and recommendation adopted, No. 3:16-CV-391-M-BK, 2017 WL 2616952 (N.D. Tex. June 15,

2017); *see also Self v. BNSF Ry. Co.*, No. A-14-CA-618-SS, 2016 WL 543245, at *7 (W.D. Tex. Feb. 9, 2016) (agreeing that plaintiff's retaliation claim was unexhausted when plaintiff checked the box but "failed to allege any specific facts concerning retaliation"); *Givs v. City of Eunice*, 512 F.Supp. 2d 522, 537 (W.D. La. 2007) (concluding that "[e]ven though plaintiff checked both the race and retaliation boxes on the EEOC complaint . . . [p]laintiff's failure to allege *any facts* concerning retaliation or harassment that would have put the EEOC on notice about the possibility of such, are fatal to these claims") (emphasis in original), *aff'd*, 268 F.App'x 305 (5th Cir. 2008). Floyd failed to do so because, other than checking the box for age discrimination, she did not provide any explanation in the Charge for how she allegedly experienced age discrimination.

Indeed, although Floyd currently contends that Lockheed Martin required her to take a training class and that this somehow constituted <u>age</u> discrimination, *see* ECF No. 26 at 7, she attributed that action to her <u>disability</u> in her Charge. App. 4. ("I was discriminated against when I was failed out of training class due to my carpel [*sic*] tunnel dissability [*sic*]."). Put differently, nothing in the Charge alleges that Lockheed Martin failed Floyd from that training class because of her age, which is the claim she currently brings. Despite Floyd's assertion now that "age disparities occurred" at the training class, ECF No. 26 at 7, and that "being grouped with younger employees and receiving inferior training resources . . . serves as direct evidence that age was a determinative factor in [the alleged] adverse proceedings," ECF No. 26 at 8, she did not complain of "age disparities," "being grouped with younger employees," or "receiving inferior training resources" in the Charge. *See* App. 4. And Floyd's assertions that she exhausted her age discrimination claim because "the investigation would have reasonably uncovered age-based disparities," ECF No. 26 at 4, and her "[a]ge and disability claims arise from the same core facts,"

ECF No. 26 at 8, are not supported by the caselaw.[8] *See generally, e.g., Adams v. Stanley Sec. Sols., Inc.*, No. CIV. 3:06-CV-0976-L, 2007 WL 2979867, at *5 (N.D. Tex. Oct. 11, 2007) (concluding that "[o]ne could not reasonably expect the EEOC to investigate a claim of disability discrimination because no facts were set forth in [plaintiff]'s charge that he was complaining of disability discrimination" and providing that "[b]ecause disability discrimination is not discrimination that is like or related to the allegations in the October charge [*i.e.*, allegations of age discrimination], one could not expect that an EEOC investigation regarding disability discrimination would reasonably grow out of that charge"); *Clark v. Dallas Indep. Sch. Dist.*, No. CIV.A. 3:95-CV-1812G, 1996 WL 706866, at *6 (N.D. Tex. Dec. 3, 1996) (concluding that plaintiff's allegations of "racial or ethnic discrimination made in the complaint" "do not involve discrimination so similar or so closely related to the ADA claims made in the charge that [plaintiff] should be permitted to raise them in this civil case without having first presented them to the EEOC"). She therefore has not exhausted that claim.

      3.    <u>Floyd's Retaliation Claim (Count C) Should Be Dismissed Because It Exceeds the Scope of the Charge.</u>

Floyd alleges that Lockheed Martin retaliated against her. ECF No. 26 at 8. But the Charge does not allege that Lockheed Martin retaliated against her. *See* App. 3-4. Floyd also did not "check the box" on the Charge for "retaliation." *See* App. 3. Because the Charge makes no mention

---

[8] Lockheed Martin notes that Floyd cites *Clark v. Champion Nat'l Sec., Inc.*, No. 3:17-CV-1802-C, 2018 WL 10582163, (N.D. Tex. Nov. 14, 2018), *aff'd*, 952 F.3d 570 (5th Cir. 2020), for the proposition that the *Clark* court "allow[ed] age claims to proceed where [such claims were] factually intertwined with exhausted claims." ECF No. 26 at 8. *Clark*, however, did not involve age discrimination claims. Nor did it involve an analysis of whether claims in a complaint were "intertwined" with allegations in a charge. Instead, the only discussion of exhaustion within *Clark* refers to whether "a typographical error in the boxes disclosing the dates of discrimination . . . limit the scope of the charge." *Clark*, 2018 WL 10582163, at *3. That issue is not relevant to this case, and any reliance on *Clark* in Floyd's response to this Motion therefore would be misplaced.

whatsoever about retaliation,[9] Floyd's current claim about such retaliation did not and could not have reasonably grown out of the EEOC's investigation of her Charge. *See generally Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993) (noting that plaintiff made no mention of job applications or the rejection of a certain position in her EEOC charge and determining that "the events now cited could not reasonably be expected to be within the scope of the EEOC investigation"); *see also Taylor v. Lockheed Martin Aeronautics Co.*, No. 4:24-CV-00626-P, 2025 WL 36174, at *3 (N.D. Tex. Jan. 6, 2025) (Pittman J.) (concluding that plaintiff's retaliation claim "do[es] not logically flow" from the EEOC charge because "she did not check the appropriate box," "her charge does not mention retaliation," and "there are no facts in the charge that suggest any adverse actions that were taken were causally related to medical leave"); *White v. Averitt Express, Inc.*, No. 3:10-CV-2504-B, 2011 WL 3652502, at *4 (N.D. Tex. Aug. 19, 2011) (concluding that plaintiffs' retaliation claims did not "grow out of" the discrimination claims alleged in plaintiffs' EEOC charges, which did not check the box for retaliation or contain descriptions "related to retaliation"). Floyd therefore did not exhaust her administrative remedies with respect to her retaliation claim, and it should be dismissed. *See generally Anderson v. Venture Express*, 694 F.App'x 243, 247 (5th Cir. 2017) (providing that plaintiff "failed to exhaust his administrative remedies by failing to include the retaliation claim in his EEOC charge, either by

---

[9] In some circumstances, "it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge." *Gupta v. E. Tex. State Univ.*, 654 F.2d 411, 414 (5th Cir. 1981). But this exception to the general rule "does not apply to cases in which both retaliation and discrimination claims are alleged." *Phillips v. Caris Life Scis., Inc.*, 715 F.App'x 365, 370 (5th Cir. 2017); *see also Simmons-Myers v. Caesars Entm't Corp.*, 515 F.App'x 269, 273 (5th Cir. 2013) ("[T]his court has not applied the *Gupta* exception to claims in which both retaliation and discrimination are alleged."). Because Floyd brings discrimination and retaliation claims, ECF No. 26 at 6–8, this exception does not apply and Floyd was obligated to amend her existing Charge or file a new charge to assert retaliation claims. *See generally Phillips*, 715 F.App'x at 369 ("Termination is a discrete events for which a claimant must file a supplemental charge or amend the original EEOC charge.").

checking the box or describing retaliation"); *see also Haferbier v. IMER USA, Inc.*, No. 4:24-CV-00315-P, 2024 WL 3094616, at *3 (N.D. Tex. June 20, 2024) (Pittman J.) ("Because a retaliation claim could not reasonably grow from [plaintiff]'s EEOC charge, his retaliation claim is unexhausted."); *King*, 809 F.Supp. 2d at 580 ("Because the facts alleged in her complaint related to race, an investigation reasonably expected to grow out of that charge would not encompass retaliation, gender discrimination, or age discrimination").

    4.    <u>Floyd's Wrongful Termination Claim (Count E) Exceeds the Scope of the Charge.</u>

In the Second Amended Petition, Floyd alleges that Lockheed Martin "wrongfully terminated her employment by relying on pretextual reasons, which were a cover for discriminatory and retaliatory motives" and that "[t]he cumulative discriminatory practices, failure to accommodate her disability, disregard for the CBA, and retaliatory context of the termination collective establish that the termination was not justified." ECF No. 26 at 9. These allegations, which largely appear to be a generic restatement of the claims she asserts elsewhere in the Second Amended Petition, do not clearly identify the precise protected category or activity that Floyd believes was the basis of her "wrongful[]" firing.[10] What is clear, however, is that her Charge does not make any allegations about the termination of her employment. She therefore has failed to administratively exhaust a wrongful-termination claim, and that claim should be dismissed.

---

[10] Lockheed Martin acknowledges that in the Second Amended Petition, Floyd states that "[f]urther details regarding the termination process, including the timing relative to her complaints and a detailed record of the discrepancies between the internal policies and the termination rationale, are available." ECF No. 26 at 10. But Floyd does not provide any of these "details" to the Court, nor does she append any documents to her Second Amended Petition that include these "details."

**D.    The Court Should Dismiss Floyd's CBA Claim (Count D) Because it is Subject to an Exclusive Grievance/Arbitration Procedure, and Because it is Untimely.**

In the Second Amended Complaint, Floyd claims that Lockheed Martin "breached the Collective Bargaining Agreement by failing to honor her original seniority date and contractual obligations that guarantee her employment benefits." ECF No. 26 at 9. But Article Seven of the CBA between LM and Floyd's union sets out a comprehensive, and exclusive, dispute procedure that involves a multi-step grievance and arbitration process for disputes alleging violations of the CBA. App. 8-14. In particular, Article Seven, Section 19 states that "Any dispute between the Company and any employee or the Union regarding the application and/or interpretation of this Agreement shall be adjusted in accordance with the grievance procedure set forth in this Agreement." App. 13. That exclusive-remedy provision precludes Floyd from bringing the claim she now brings. *See Daigle v. Gulf State Utilities Co., Loc. Union No. 2286*, 794 F.2d 974, 977 (5th Cir. 1986) ("If the arbitration and grievance procedure is the exclusive and final remedy for breach of the collective bargaining agreement, the employee may not sue his employer under § 301 [of the Labor-Management Relations Act of 1947] until he has exhausted the procedure. . . ."). Indeed, this outcome is expressly set out in *Fort Worth Transportation Authority v. Thomas*, the sole case Floyd cites in this portion of the Second Amended Complaint, which states:

> Where there is a labor contract between a union and an employee which provides procedures for settlement of disputes between the employee and employer, an employee is not entitled to redress in the courts where he fails to exhaust his remedies under the contract.

*Fort Worth Transp. Auth. v. Thomas*, 303 S.W.3d 850, 855 (Tex. App.-Fort Worth 2009, pet. denied) (internal quotation omitted).

An independent reason for dismissing this claim is that it is untimely. Floyd's allegation of an unspecified CBA breach appears to arise from her claim that, she "secured a Collective Bargaining Agreement which assured her a seniority date and specified compensation terms" but

that "upon her return to work in March 2016, Defendant did not honor these contractual obligations." ECF No. 26 at 4, ¶9. Given the lack of specificity in Floyd's claim (including whether she is alleging that her union breached its duty of fair representation), it is far from clear whether a six-month or four-year limitations period (*i.e.*, the limitations period under the National Labor Relations Act or the limitations period for Texas breach-of-contract claims) would apply to this claim. *See generally Daigle*, 794 F.2d at 977-78 (discussing these limitation issues); *Ingram v. Kroger Co.*, No. CIV.A.3:99-CV-0032-L, 2000 WL 730424, at *2 (N.D. Tex. May 17, 2000) (same). But even if the longer four-year period applied, Floyd's claim of an alleged CBA breach in March 2016 is untimely and must be dismissed.

### E. The Court Should Dismiss All of Floyd's Claims Because They Fail to Meet Rule 8's Requirements.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). As noted above, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The Court should dismiss Floyd's claims because, in each instance, Floyd simply makes a conclusory allegation that Lockheed Martin acted unlawfully, recites certain elements of the claim or cites to Texas caselaw, and then says that she "incorporates" or "delineates," certain facts or that she "can prove," or "provided" facts supporting her claims (although she did not provide such facts). *See* ECF No. 26 at 6–10. But this is nothing more than the sort of threadbare "the defendant harmed me" pleading that the Supreme Court has held to be insufficient. *See Iqbal*, 556 U.S. at 678 (stating that "the pleading standard Rule 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and further observing that "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is an additional reason

that the Court should dismiss Floyd's claims.

## V.    CONCLUSION

As the Court has previously explained, it is well-established that "[t]he purpose of the charge is to trigger the investigatory and conciliatory procedures of the EEOC[,]" and "[a]llowing claims in court that have not been administratively exhausted would thwart the administrative process and peremptorily substitute litigation for conciliation." *Madaki v. Am. Airlines, Inc.*, No. 4:21-CV-0760-P, 2022 WL 227163, at *2 (N.D. Tex. Jan. 25, 2022) (Pittman J.) (internal quotations and citations omitted). Floyd's attempt to bring claims in this lawsuit that she did not first present to the EEOC or the applicable state agency violates this longstanding precedent. And her attempt to bring claims that are far outside the applicable statute of limitations similarly violates longstanding precedent. Accordingly, Lockheed Martin respectfully requests that the Court dismiss all of Floyd's claims.

Dated: June 20, 2025.

Respectfully submitted,

*/s/Micah R. Prude*
Micah R. Prude
   State Bar No. 24051216
Anthony J. Campiti
   State Bar No. 00798092
Emily N. Vest
   State Bar No. 24138179
HOLLAND & KNIGHT LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone:  (214) 969-1700
Facsimile:   (214) 969-1751
E-mail: micah.prude@hklaw.com
E-mail: tony.campiti@hklaw.com
E-mail: emily.vest@hklaw.com

ATTORNEYS FOR DEFENDANT LOCKHEED
MARTIN CORPORATION

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on June 20, 2025, true and correct copies of this document were served by

ECF notification on Plaintiff:

ShaRee Michelle Floyd (Pro Se)
5000 Denton Hwy #175
Haltom City, Texas 76117
Email: skyskyfosho420@gmail.com

/s/Micah R. Prude
Micah R. Prude