IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SHAREE M. FLOYD, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:25-cv-243-P |
| § | |
| LOCKHEED MARTIN CORPORATION, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE RECOMMENDING GRANTING DEFENDANT'S MOTION TO DISMISS**

Pending before the Court is Defendant Lockheed Martin Corporation's Motion to Dismiss [doc. 27], filed June 20, 2025. Having carefully considered the motion and applicable law and noting that Plaintiff, who is proceeding *pro se*, wholly failed to file a response, the Court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED**.

**I.      RELEVANT FACTUAL BACKGROUND**

The relevant parties in this case are Plaintiff ShaRee M. Floyd ("Plaintiff") and Defendant Lockheed Martin Corporation ("Defendant"). Defendant was Plaintiff's employer prior to her termination on an uncertain date. (*See* Plaintiff's Second Amended Original Petition ("Pl.'s Second Am. Pet.") at 5.) Plaintiff filed a charge of discrimination with the EEOC on March 3, 2022, relating to her employment with Defendant. (Plaintiff's EEOC Charge of Discrimination ("Charge") at 1, Appendix in Support of Defendant's Motion to Dismiss ("Def.'s App.").) Thereafter, on October 22, 2024, Plaintiff brought suit against Defendant for various violations of Chapter 21 of the Texas Labor Code in the 352nd Judicial District Court of Tarrant County, Texas.

1

(Plaintiff's Original Petition ("Pl.'s Original Pet.") at 2, Notice of Removal.) Defendant then removed the case to this Court based on diversity jurisdiction. (Notice of Removal at 1.)

Defendant now moves to dismiss Plaintiff's live pleading, her Second Amended Petition. (Defendant's Motion to Dismiss ("Def.'s Mot. to Dismiss") at 1.) In Plaintiff's Second Amended Petition, she alleges four violations of Chapter 21 of the Texas Labor Code for disability discrimination, age discrimination, retaliation, and wrongful termination. (Pl.'s Second Am. Pet. at 3.) She further alleges that Defendant breached the collective bargaining agreement ("CBA") by disregarding her seniority rights. (*Id.*) In its motion, Defendant argues that the Court should dismiss Plaintiff's Chapter 21 claims because they are time-barred. (Def.'s Mot. to Dismiss at 6.) Defendant, further, argues that the Court should dismiss Plaintiff's remaining claim for breach of the CBA because it is subject to an exclusive grievance and arbitration procedure. (*Id.* at 17.) The Court will address each argument in turn.

## II.     LEGAL STANDARD

Rule 12 (b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This rule must be interpreted in conjunction with Federal Rule of Civil Procedure 8(a), which sets forth the requirements for pleading a claim for relief in federal court. Rule 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513 (2002) (holding that Rule 8(a)'s simplified pleading standard applies to most civil actions). The Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982).

The plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir.1992). Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

"Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments. A court is permitted, however, to rely on documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). "A written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer v. Chevron Corp.,* 484 F.3d 776, 780 (5th Cir. 2007). In addition, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC,* 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.,* 343 F.3d 533, 536 (5th Cir. 2003)). If a court determines that dismissal of a claim is appropriate, it should be with prejudice if amending the claim would be futile or "the plaintiff has alleged his best case." *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999); *see Schiller v. Physicians Res. Group, Inc.,* 342 F.3d 563, 566 (5th Cir.2003).

## III.   DISCUSSION

### A.   Texas Labor Code Chapter 21

As stated above, Defendant first argues in its Motion to Dismiss that the Court should dismiss Plaintiff's Chapter 21 claims because they are time-barred. (Def.'s Mot. to Dismiss at 6.) The Court agrees.

The Texas Labor Code requires Plaintiff "to bring any civil claims under Chapter 21 against [Defendant] before 'the second anniversary of the date the complaint relating to the action [was] filed.'" *Fisher v. Bell Textron Inc.*, No. 4:24-CV-00884-O-BP, 2025 WL 863996, at *5 (N.D. Tex. Feb. 24, 2025) (quoting Tex. Lab. Code § 21.256). In the context of the Texas Labor Code, a complaint is a charge filed with either the EEOC or the Texas Workforce Commission. *See id.* As noted above, Plaintiff filed a charge with the EEOC on March 3, 2022. (Charge at 1.) Plaintiff, however, did not file suit against Defendant until October 22, 2024, more than two years and seven months after she filed her charge with the EEOC. (Pl.'s Original Pet. at 2.) Moreover, Plaintiff has not pleaded any facts to show that she is entitled to equitable tolling of Chapter 21's two-year deadline or that Defendant should be equitably estopped from enforcing the deadline. As such, Plaintiff's claims under Chapter 21 of the Texas Labor Code are time-barred. Consequently, the Court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED** as to Plaintiff's claims for violations of Chapter 21 of the Texas Labor Code and that such claims be **DISMISSED WITH PREJUDICE**.

### B.   Breach of Collective Bargaining Agreement

Defendant further argues in its Motion to Dismiss that the Court should dismiss Plaintiff's remaining claim for breach of the CBA because it is subject to an exclusive grievance and arbitration procedure. (Def.'s Mot. to Dismiss at 17.) The Court again agrees.

4

If an "arbitration and grievance procedure is the exclusive and final remedy for breach of [a] collective bargaining agreement, the employee may not sue [her] employer" unless she has exhausted the procedure. *Daigle v. Gulf State Utilities Co., Loc. Union No. 2286*, 794 F.2d 974, 977 (5th Cir. 1986) (citing *Republic Steel Corp. v. Maddox,* 379 U.S. 650 (1965)); *Fort Worth Transp. Auth. v. Thomas*, 303 S.W.3d 850, 855 (Tex. App.—Fort Worth 2009, pet. denied) (same). In this case, the CBA in question states that any "dispute between the Company and any employee or the Union regarding the application and/or interpretation of this Agreement shall be adjusted in accordance with the grievance procedure set forth in this Agreement." (Excerpts from Lockheed Martin's Collective Bargaining Agreement ("CBA") at 9, Def.'s App. at 13).) Plaintiff has pleaded no facts that indicate that she complied with the mandatory grievance procedures set out by the CBA. Consequently, the Court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED** as to Plaintiff's claims for breach of a CBA and that such claims be **DISMISSED WITH PREJUDICE**.

## IV.    CONCLUSION

For the reasons set forth above, the Court **RECOMMENDS** that Defendant Lockheed Martin Corporation's Motion to Dismiss [doc. 27] be **GRANTED and that all claims against it be DISMISSED WITH PREJUDICE**.

## **NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's Findings, Conclusions, and Recommendation where the disputed determination is found. Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

## **ORDER**

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **October 22, 2025**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 8, 2025.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE